Yang v. Sessions

BIA
Poczter, IJ
A201 133 890

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand seventeen.

PRESENT:
> ROBERT D. SACK,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

DONG YANG,
> *Petitioner,*

v.                                          16-763
                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Keith S. Barnett, New York, NY.

**FOR RESPONDENT:**          Benjamin C. Mizer, Principal Deputy,
                             Assistant Attorney General; Andrew N.
                             O'Malley, Senior Litigation Counsel;
                             Kimberly A. Burdge, Trial Attorney,
                             Office of Immigration Litigation,
                             United States Department of Justice,
                             Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dong Yang, a native and citizen of the People's Republic of China, seeks review of a February 10, 2016, decision of the BIA, affirming an April 6, 2015, decision of an Immigration Judge ("IJ") denying Yang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dong Yang,* No. A201 133 890 (B.I.A. Feb. 10, 2016), *aff'g* No. A201 133 890 (Immig. Ct. N.Y. City Apr. 6, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Yang's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C.

2

§ 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64. For the reasons that follow, we conclude that substantial evidence supports the agency's determination that Yang was not credible.

The agency's credibility determination is supported by the inconsistency between Yang's testimony that his roommate Richard introduced him to Christianity and his written application, which stated that he was inspired to practice Christianity after seeing other cruise-ship passengers worshipping together. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("[O]ur review . . . is designed to ensure merely that credibility findings are based upon neither a misstatement of the facts in the record nor bald speculation or caprice[.]" (internal citations and quotation marks omitted)).

The agency's adverse credibility determination is further supported by two inconsistencies between Yang's testimony and a letter from his friend, Chang Ning Ping. First, Yang testified that he and Ping practiced Christianity together in China; however, Ping's letter omitted this information. *See Xiu Xia Lin*, 543 F.3d at 166-67 & n.3 ("An inconsistency and an omission are, for these purposes, functionally equivalent."). To explain Ping's omission, Yang introduced an additional inconsistency: he stated that Ping attended a

3

different church.  *See Majidi*, 430 F.3d at 80 (requiring that explanations for inconsistencies "demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony" (internal quotation marks omitted)).  Second, Yang testified that, following his detention and interrogation, he was admitted to the hospital on April 7.  Ping's letter stated that Yang went to the hospital on April 10.  The IJ was not compelled to accept Yang's explanation that this was Ping's error, particularly given that Yang testified that he was familiar with the contents of Ping's letter but entered it into evidence without any explanation of the error.  *See id.*

The agency's adverse credibility determination is further supported by two additional inconsistencies.  First, Yang's wife's letter omitted any discussion about how she learned of his Christianity, while Yang testified she saw him praying.  Second, Yang admitted that he listed only a New York address on his asylum application, despite living outside New York until August 2013.  An IJ has broad discretion to rely on collateral discrepancies, like these, where, as here, "the totality of the circumstances establishes that an asylum applicant is not credible."  *Xiu Xia Lin*, 534 F.3d at 167 (internal citation and quotation marks omitted).

4

The agency's adverse credibility determination is bolstered by Yang's failure to offer evidence that rehabilitated his testimony. The IJ reasonably found that the letters from Yang's wife and Ping did not corroborate Yang's testimony, given the contradictions and omissions described above. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007)("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Moreover, we defer to the agency's decision to afford diminished weight to Yang's letters. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013).

Given the inconsistencies and lack of reliable corroboration, the IJ reasonably found Yang not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 165-66. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. The motion for a stay of removal in this petition is also DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk